UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | |
| § | |
| VS. § | CRIMINAL ACTION NO. C-06-228-6 |
| § | C.A. No. C-08-160 |
| § | |
| RICHARD DAVID PATRICK JR., § | |
| § | |
| Defendant/Movant. § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Richard David Patrick, Jr.'s ("Patrick") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 346),[1] which was received by the Clerk on May 16, 2008. The Court ordered the government to respond (D.E. 347), and the government filed a motion for summary judgment and alternative motion to dismiss on August 15, 2008. (D.E. 349-352). On September 17, 2008, Patrick filed an affidavit which appeared to respond to the government's motions . (D.E. 353.) By Order entered September 26, 2008, the Court notified Patrick that it intended to "construe his filing as his combined reply to the government's response and response to the government's motions to dismiss and for summary judgment." (D.E. 354.) That same Order further directed Patrick that if he did not want his "affidavit" to be construed as a reply, then he should notify this Court within ten days. No response has been received. Accordingly, the Court construes docket entry 353 as Patrick's reply and has considered it, as well.

---

[1] Docket entry references are to the criminal case, Cr. C-06-228.

For the reasons set forth herein, the Court DENIES Patrick's § 2255 motion. Additionally, the Court DENIES Patrick a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On February 27, 2007, Patrick and a number of co-defendants were named in a multi-count indictment, which was the Fifth Redacted Indictment. (D.E. 169.) Patrick was named in two counts, Count Three and Count Four. Specifically, Count Three charged him with aiding and abetting his co-defendants to possess with intent to distribute more than one hundred (100) kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2. Count Four charged him with aiding and abetting his co-defendants to possess with intent to distribute approximately seven hundred fifty-six (756) kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2. (D.E. 168.)

On April 17, 2007, Patrick pleaded guilty to Count Three of the indictment, pursuant to a written plea agreement. (D.E. 239, 242.) In exchange for his guilty plea to Count Three and his waiver of appellate and § 2255 rights, the government agreed to recommend that Patrick receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. (D.E. 242 at ¶¶ 1-2.) The government also agreed to move for the dismissal of Count Four at sentencing. (D.E. 242 at ¶ 11.)

The plea agreement contained a voluntary waiver of Patrick's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. The Defendant is aware that Title 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence

> imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 242 at ¶ 7 (emphasis in original).) The agreement is signed by both Patrick and his counsel. (D.E. 242 at 5.)

The Court sentenced Patrick on June 25, 2007 to 151 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and also imposed a $100 special assessment. (D.E. 288, 292.) Judgment of conviction and sentence was entered June 28, 2007. (D.E. 291.) Consistent with his waiver of appellate rights, Patrick did not appeal.

The Clerk received the instant § 2255 motion from him on May 16, 2008. It is timely.

### III. MOVANT'S ALLEGATIONS

In his § 2255 motion, Patrick lists two grounds for relief. In his first claim, he argues that the Court incorrectly calculated his criminal history category. In support of this claim, he argues that the Court erroneously relied on prior felony convictions that are either "invalid or otherwise non-existent." (D.E. 346 at 5.) Second, he claims that he was denied effective assistance of counsel because his counsel failed to investigate and challenge his criminal history at sentencing. (D.E. 346 at 6.)

In its response, the government argues that Patrick's motion is barred in its entirety because of his waiver of § 2255 rights in his written plea agreement. (D.E. 350, 351 at 6-9.) It seeks summary judgment against Patrick on the basis of his waiver. Alternatively, the

government moves to dismiss his § 2255 motion because he has failed to state a claim entitling him to relief. (D.E. 350, 351 at 12-17.)

Patrick's reply contains a long list of numbered statements that are essentially just negated versions of arguments made by the United States. (D.E. 353.) For example, his reply contains averments that "Respondent can not demonstrate that defense counsel did not investigate Affiant's criminal background before advising Affiant to accept plea," (D.E. 353 at 2) and that "Respondent can not demonstrate that the failure to correct Affiant's sentence would not result in a miscarriage of justice." (D.E. 353 at 3.) Construed liberally, his reply challenges the plea and his waiver, and also reiterates his arguments concerning sentencing.

For the reasons set forth herein, the Court declines to hold that Patrick's motion is barred by his waiver. Instead, the Court determines that Patrick is not entitled to relief on either of his claims.

## IV. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

"[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982). **Waiver of § 2255 Rights**

As previously noted, the government argues that Patrick's waiver of § 2255 rights precludes consideration of his motion.  The written plea agreement contained a waiver of § 2255 rights, and was in the same paragraph as his waiver of appellate rights.  (D.E. 242 at ¶ 7; see also supra at 2-3 (quoting waiver provision).)

Moreover, in response to the Court's questioning of him at the rearraignment, Patrick testified that the plea agreement was his, that he had signed it, that he read it completely and discussed it completely with his attorney before signing it, and that no one had made him any other agreements or promises not contained in the agreement.  (D.E. 308, Rearraignment Transcript ("R. Tr.") at 22-23.)  The Court further ensured that Patrick understood he was waiving his right to appeal:

> THE COURT: ... If at trial you were found guilty you would have a right to appeal.  If you go forward with this plea agreement you give up that right to appeal unless I give you a sentence that is higher than the statutory maximum or upwardly depart from your applicable advisory guidelines without a motion from the U.S. Attorney.  If you plead guilty you give up all these valuable trial rights.  These rights are personal to you.  Only you can give them up, not your attorney.  If you plead guilty and I accept your plea, there will not be a trial and I will enter a finding of guilty and sentence you on the basis of your plea after considering a presentence investigation report, the advisory sentencing guidelines, the factors in 3553 A and the statutory range of imprisonment. Do you understand these matters? ... Mr. Patrick?
>
> THE DEFENDANT PATRICK: Yes, ma'am.

(R. Tr. at 19-20.)  Based on the foregoing, it is clear that Patrick's waiver of *appellate rights* was knowing and voluntary.  United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary.  A defendant must

know that he had a 'right to appeal his sentence and that he was giving up that right.'")(citation omitted); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing defendant's voluntary and knowing waiver of appeal rights).

Additionally, in summarizing the plea agreement, the prosecutor included the following statement: "Each of the defendants is also waiving their right to appeal both their conviction and sentence as well as the right to later challenge their conviction or sentence in a motion under Title 28, United States Code, Section 2255, or any other post-conviction proceedings ..." (R. Tr. at 21.)

The Court itself did not explicitly refer to the waiver of § 2255 rights, however, nor did it specifically ask Patrick about the portion of the waiver in which Patrick waived his right to § 2255 relief. Cf. Fed. R. Crim. P. R. 11(e)(1)(N) (requiring the Court to ensure the defendant understands any waivers of the right to appeal "or to collaterally attack the sentence.")

The Fifth Circuit has recently held that, where there is "no indication in the record" that the "ratification of the plea agreement was anything but knowing and voluntary" and where the defendant indicates that he had read and understood the plea agreement, which contained "an explicit unambiguous waiver of appeal," the waiver is enforceable. McKinney, 406 F.3d at 746. In so holding, the McKinney court relied upon United States v. Portillo, 18 F.3d 290 (5th Cir. 1994), an earlier Fifth Circuit case. The Portillo court held that if the record of the Rule 11 hearing "clearly indicates" the defendant has understood and read his plea agreement, the defendant's appellate waiver was enforceable, "regardless of whether the court specifically admonished him concerning the waiver of appeal." Portillo, 18 F.3d at 293. Certainly, the holding of Portillo supports the conclusion that Patrick's waiver is valid and enforceable.

Portillo, however, was decided before the effective date of the 1999 Amendments to Rule 11, Fed. R. Crim. P., which amended Rule 11 to include the requirement that the court, prior to accepting a guilty plea, "must inform the defendant of, and determine that the defendant understands, ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N); see also 1999 Adv. Comm. Notes to Fed. R. Crim. P. 11.  Thus, the portion of Portillo that says it is irrelevant whether the Court has questioned the defendant about the appellate waiver is called into question by the amendment to Rule 11.

In McKinney, the rearraignment was governed by the version of Rule 11 that included the 1999 Amendments, but the opinion there is silent as to whether there was a "specific admonishment" by the judge regarding the appellate waiver in that case.  Accordingly, McKinney does not squarely address whether, in a case governed by the amended Rule 11, there must be a specific admonishment by the court in order for a waiver of appellate rights or collateral review rights to be enforceable.   Additionally, the Court has been able to locate only unpublished decisions that address the issue.  See, e.g. United States v. Hernandez-Flores, 155 Fed. Appx. 745 (5th Cir. 2005) (refusing to enforce waiver of appellate rights where magistrate failed to comply with Fed. R. Crim. P. 11(b)(1)(N)); United States v. Navarrette, 152 Fed. Appx. 329 (5th Cir. 2005) (relying on Rule 11(b)(1)(N) and holding that the defendant's waiver was not knowing and voluntary because the magistrate judge inaccurately described the waiver provision at the rearraignment); cf. United States v. Smith, 528 F.3d 423 (5th Cir. 2008) (citing Rule 11(b)(1)(N) and declining to address whether an appeal waiver barred a challenge to a restitution order where the district court did not inform the defendant that the restitution order was covered by the appeal waiver, and instead addressing the merits of the appeal).

In light of this background, and in recognition of the fact that there was a lack of technical compliance with Rule 11(e)(1)(N) in this case as to Patrick's waiver of § 2255 rights, the Court will address Patrick's claims on their merits, rather than dismissing them on the basis of the waiver.[2]

**C.    Patrick's Claims**

Patrick's first claim is essentially a claim that the Court erred in its application of the sentencing guidelines. To the extent that Patrick challenges the Court's application of the sentencing guidelines, his claims are not cognizable under § 2255. See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion). His claims also fail on their merits.

**1.    Claim That His Criminal History Category Was Incorrectly Calculated**

Patrick's first claim is that the Court erred in determining his criminal history, because it relied on prior felony criminal convictions that were "invalid or otherwise non-existent." (D.E. 346 at 5.) His motion is scant in providing factual allegations to support his claim. In support of this claim, Patrick states:

> ... There is no record of an alleged prior federal conviction and the felony state conviction is invalid. Movant files this federal habeas corpus action to preserve the record in the event time expires for filing motion to vacate sentence on these grounds upon movant obtaining lawful documentation proving his claims. The government can not produce valid and legal documentation from any federal or state court establishing the prior felony state and

---

[2] Accordingly, the Court makes no ruling herein on the enforceability of Patrick's § 2255 waiver.

> federal convictions relied upon to calculate movant's criminal history category.

(D.E. 346 at 5.)

Patrick's Presentence Investigation Report contains five scored convictions, only two of which are felonies. (See PSR at ¶¶ 73-77.) Although Patrick provides no additional detail or argument, the Court presumes that he is challenging both felonies. The first was a 1986 conviction in Davidson County, Tenneessee, in which Patrick was found guilty by a jury on two counts: (1) a felony charge of possession of 30 grams or more of cocaine, with intent to sell or deliver; and (2) a felony charge of conspiracy to possess 30 grams or more of cocaine, with intent to sell or deliver. (PSR at ¶ 73.) The second was a 1990 conviction in the United States District Court for the Western District of Tenneessee. In the 1990 case, Patrick pleaded guilty to two felony counts of conspiracy to possess with intent to distribute cocaine and marijuana. (PSR at ¶ 74.) Because of both convictions (the state and federal convictions), Patrick was sentenced in the instant case as a career offender within the meaning of U.S.S.G. § 4B1.1. Absent any evidence that those convictions are somehow invalid, his designation as a career offender was proper.

Although Patrick claims in his § 2255 motion that these felony convictions are either invalid or non-existent, he does not give any reasons for his claim. Moreover, the PSR repeatedly references records regarding both of these offenses. Additionally, at sentencing, Patrick told the Court there were mistakes in the PSR and he pointed out what he believed were the mistakes, but at no point did he challenge or contest these two convictions. (D.E. 307, Sentencing Transcript ("S. Tr.") at 10-21.)

For all of these reasons, the Court concludes that Patrick's vague challenges to the Court's use of his prior convictions at sentencing fail.

**2.      Claim of Ineffective Assistance of Counsel At Sentencing**

In his second claim, Patrick argues that his counsel was constitutionally ineffective because he failed to object to the Court's calculation of Patrick's criminal history. Ineffective assistance claims are properly analyzed under the two-prong analysis set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>United States v. Willis</u>, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. <u>Id</u>. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. <u>U.S. v. Dovalina</u>, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. <u>Armstead v. Scott</u>, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); <u>Carter v. Johnson</u>, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In order to show prejudice as a result of his counsel's alleged ineffectiveness at sentencing, Patrick would have to show a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. <u>See United States v. Phillips</u>, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. <u>United States v. Grammas</u>, 376 F.3d 433, 438-39 (5th Cir. 2004).

As discussed above, however, Patrick has shown nothing that would support an objection to the use of his two prior felonies referenced in his PSR. Accordingly, counsel's failure to challenge those felonies does not support an ineffective assistance claim. <u>See United States v.</u>

Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

Notably, moreover, Patrick's sentencing counsel, David Cano, argued strenuously for a downward departure from the advisory guideline range, which the Court ultimately granted. Specifically, Patrick faced an advisory guideline range of 188 to 235 months. After Mr. Cano put on testimony from Patrick's sister and argued cogently to the Court that Patrick's criminal history was overrepresented, the Court agreed. (S. Tr. at 43-44.) The Court further granted Mr. Cano's request for a sentence below the advisory guideline range, which the Court found was appropriate under 18 U.S.C. § 3553A. Thus, the Court imposed a sentence of 151 months. (S. Tr. at 43-44); Cano ably represented his client at sentencing. Patrick's belated contention that Cano was somehow deficient at sentencing has no merit.

For the foregoing reasons, both of Patrick's claims fail.

**D.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Patrick has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Patrick's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Patrick is not entitled to a COA as to his claims.

## V. CONCLUSION

For the above-stated reasons, the government's motion to dismiss (D.E. 352) is GRANTED and Patrick's motion under 28 U.S.C. § 2255 (D.E. 346) is DISMISSED. The Court also DENIES Patrick a Certificate of Appealability.

SIGNED and ORDERED this 22nd day of October, 2008.

_____
Janis Graham Jack
United States District Judge